UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERAMY MICHEAL CARDELL HILL,

    Plaintiff,

-against-

THE STATE OF NEW YORK; THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT,

    Defendants.

19-CV-4761 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated August 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action as frivolous.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted)

## BACKGROUND

Plaintiff sues the State of New York, the City of New York, and the New York City Police Department. He asserts that the defendants have stolen

> the most precious stone in heaven and beyond that's in the Bible called "The Chief Corner Stone" from me, for an "$2^{82,589,933} - 1$ Dollars," "Gazillion Gazillion Gazillions" times . . . . "The stone, which the builders rejected, has become the chief cornerstone. This was the lord's doing, it is marvelous in our eyes" . . . . I known that the lord "God" pray for me to find "Chief Corner Stone," that's the reason I found the stone, because I founded the stone, 4 months after creating my business "THESOCIALMUSICCLUB.COM" and people was lying on my life about serious situations, and paying me for creating the most precious, brilliant, and intelligent thing in history . . . .The "Chief Corner Stone" worth is far better than diamond in all ramifications, but the true riches of the "Chief Corner Stone" outweigh the value of all the treasures of the world put together . . . .

(ECF 2, pp. 7-12.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court notes that this is not the first time that the Court has dismissed one of Plaintiff's actions as frivolous. *See Hill v. The City of New York*, ECF 1:19-CV-3880, 5 (S.D.N.Y. June 17, 2019); *Hill v. Go Daddy Co.*, ECF 1:19-CV-4070, 5 (S.D.N.Y. May 29, 2019). The Court warns Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new civil actions in this Court *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket.[1]

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 30, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF 3.)